IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEITH MURAUSKAS, #A0103209, | ) ) ) | CIVIL NO. 09-00347 DAE-BMK |
| Plaintiff, | ) ) ) | ORDER GRANTING MOTION FOR RECONSIDERATION; VACATING ORDER OF TRANSFER; AND FINDINGS AND RECOMMENDATION TO REMAND |
| vs. | ) ) ) | |
| DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAII, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER GRANTING MOTION FOR RECONSIDERATION; VACATING ORDER OF TRANSFER;  AND
FINDINGS AND RECOMMENDATION TO  REMAND**

Plaintiff Keith Murauskas is a Hawaii state prisoner proceeding pro se in this civil action.  Murauskas is incarcerated at the Redrock Correctional Center ("RCC"), located in Eloy, Arizona.  On July 27, 2009, Defendant Department of Public Safety, State of Hawaii ("DPS") removed the action to this court, alleging that it appeared that Murauskas was alleging a violation of his Constitutional right of access to the court.  Murauskas moves for reconsideration of the Court's August 10, 2009 Order of Transfer, and seeks to remand this action to the state court. Murauskas's Motion for Reconsideration is GRANTED, the Order of Transfer is VACATED, and the Court FINDS AND RECOMMENDS that this action be

REMANDED to the Circuit Court of the First Circuit, State of Hawaii.

## I.  PROCEDURAL BACKGROUND

Murauskas filed this action in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), on June 3, 2009.  On June 17, 2009, the circuit court granted Murauskas's *in forma pauperis* motion, issued a summons, and allowed Murauskas to serve the Complaint by mail.  Murauskas mailed the Complaint to Defendant, certified mail, on July 2, 2009, and Defendant received it on July 6, 2009.  (*See* Pl. Mot., Exh. H.)  On July 27, 2009, Defendant removed the action to the federal court, alleging federal subject matter jurisdiction.

On August 18, 2009, the court reviewed Defendant's notice of removal and Murauskas's Complaint, then screened the complaint pursuant to 28 U.S.C. § 1915A.  Although the Complaint did not appear to state a federal claim, it was nonetheless conceivable that Murauskas was attempting to state a federal claim for denial of access to the court.  (*See* Doc. #5, August 10, 2009 Order of Transfer and Order Denying Defendant's Motion for Prescreening, at 5.)  With reservations, and in an attempt to do justice to a pro se litigant's pleading, the court determined that removal was proper, stating that, "[i]t is possible, although unlikely, that Murauskas can amend his claims to allege sufficient facts to plausibly state a claim [for denial of access to the court]." (*Id.* at 5-6 (citations

omitted)).  Then,  although finding that federal jurisdiction was proper, the court determined that venue in Hawaii was improper, and transferred the action to United States District Court for the District of Arizona.  (*Id.* at 2.)

On August 26, 2009, sixteen days after the order of transfer was filed, the Clerk electronically transferred this action to the District of Arizona.  On the same day, Murauskas filed the instant Motion for Reconsideration, seeking remand of his action to the state court.  To date, the case has not been officially opened or docketed in Arizona.

## II.  **LEGAL STANDARD**

The court reviews Murauskas's Motion under Rule 60.1 of the Local Rules for the United States District Court for the District of Hawaii, which applies to motions for reconsideration of interlocutory orders.[1]

---

[1]Rule 60.1 states:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds;
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
> (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

Murauskas's Motion was timely-filed by operation of the prison mailbox rule.  *See Houston v. Lack*, 487 U.S. 266 (1988).

3

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

Under Local Rule 60.1(c), motions for reconsideration of interlocutory orders may be brought based on manifest errors of law or fact when there is a need to correct the errors to prevent manifest injustice.  *See Reliance Ins. Co. v. Doctors Co.*, 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (same); *Donaldson*, 947 F. Supp. at 430 (interpreting identical language in a prior local rule regarding manifest errors).

### III.  DISCUSSION

Murauskas argues that he purposely brought his loss of property claims in the Hawaii state court system, at the specific direction of the Hawaii Supreme Court.  (*See* Compl., Exh. A.)  Murauskas says that he never intended to raise a federal claim for denial of access to the courts in his Complaint.  He clarifies that he was simply explaining to the circuit court that, because he has been

refused access to the RCC prison law library since his recent transfer, and because his legal research papers were part of the property that was allegedly taken from him, he asked for leniency if his Complaint was improperly prepared or supported. (*See* Compl. ¶ 4.)  Murauskas strongly asserts that he "is not filing a civil rights § 1983 complaint."[2]  (Mot. at 8 (emphasis in original).)

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan*, 76 F.3d at 1485; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction."  *Rains*

---

[2]Murauskas states, however, that, by limiting his present Complaint to a state-law cause of action for loss of personal property, he is not waiving his right to bring a civil rights action in the federal court at some later time, "not just for recent actions, but for the years of constitutionally violative actions by the state against Murauskas."  (Pl. Mot. at 8.)

*v. Criterion Systems, Inc.,* 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Defendant's contention in the notice of removal, that this action arises under federal law, is not supported by a second, more careful review of Plaintiff's complaint. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal). Although Plaintiff could have brought this action under 42 U.S.C. § 1983 for violation of his federal constitutional rights, he did not. Plaintiff's complaint is devoid of any mention of the United States Constitution, § 1983, or any other federal bases for relief.

Moreover, as the court noted in the transfer order, Murauskas's Complaint failed to state a claim for denial of access to the court. Only by allowing Murauskas to amend his Complaint to replead his action, alleging

sufficient facts to show an actual injury to his right of access to the court, would a federal cause of action lie.  That construction of Murauskas's pleading, while made with the purpose of doing justice to Murauskas's federal rights, and the intent of liberally construing his pro se pleading, clearly had the unintended effect of denying Murauskas his rightfully chosen forum.

Murauskas's decision to file suit in state court, after being told to do so by the Hawaii Supreme Court, and after alleging only state law claims, and foregoing any federal causes of action, demonstrates that Murauskas exercised his right to be the master of his complaint and rely exclusively on state law. *Caterpillar, Inc.*, 482 U.S. at 392.  At the time the Complaint was removed, there was no basis for federal subject matter jurisdiction.

Murauskas's Motion for Reconsideration is GRANTED, and the Order of Transfer is VACATED.  Because it is clear that the federal court lacks subject matter jurisdiction over this action and this Court FINDS and RECOMMENDS that this action be remanded to Circuit Court for the First Circuit, State of Hawaii.

## IV. <u>CONCLUSION</u>

Accordingly, this Court hereby:

1. GRANTS Murauskas's Motion for Reconsideration;

    2.  VACATES the Order of Transfer;

    3.  FINDS AND RECOMMENDS that this action be REMANDED to the Circuit Court of the First Circuit, State of Hawaii; and

    4. DIRECTS the Clerk to serve a copy of this order on the United States District Court for the District of Arizona, and to serve the parties in the customary manner.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, August 28, 2009.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Murauskas v. Dep't of Public Safety,* Civ. No. 09-00347 DAE-BMK; ORDER GRANTING MOTION FOR RECONSIDERATION AND FINDINGS AND RECOMMENDATION TO  REMAND; pro se attys/Trsfr or Venue/Murauskas 09cv347 BMK (Remand)